**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL STIVERS,
ADC #600740                                                                                                    PLAINTIFF

v.                                         4:15CV00331-SWW-JTK

RODNEY WRIGHT, et al.                                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.     Introduction**

Plaintiff Michael Stivers filed this 42 U.S.C. § 1983 lawsuit together with co-Plaintiffs Ben McClendon and Chris Young, while confined at the Saline County Detention Facility (Jail). The Plaintiffs alleged improper conditions of confinement at the Jail, but did not include specific allegations of constitutional violations by any of the individually-named Defendants. (Doc. No. 2.) By Order dated August 17, 2015 (Doc. No. 13), this Court granted Plaintiff Stivers' Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint within thirty days, noting that both the Original Complaint and his Motion to Amend (Doc. No. 4) failed to state a claim upon which relief may be granted.[1] As of this date, Plaintiff has not filed an Amended Complaint in accordance with the August 17, 2015 Order.[2]

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to

---

[1] Co-Plaintiffs McClendon and Young were dismissed on August 21, 2015, for failure to prosecute (Doc. No. 14).

[2] In addition, the copy of the August 17, 2015 Order mailed to Plaintiff Stivers at his last known address, was returned to the court on August 28, 2015. (Doc. No. 16)

state a claim upon which relief may be granted.

**II.      Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.     Facts and Analysis**

In his Complaint, Plaintiff complained that he did not receive adequate time outside, that he was improperly housed with inmates who were not classified as protective custody, that he was denied writing supplies, and that his legal mail was opened outside of his presence. (Doc. No. 2, p. 4). In his Motion to Amend, which the Court denied on August 17, 2015, he also alleged he was improperly placed in a cell with two punitive inmates and when he complained, he was moved to the "hole," by

an Officer named Belding. (Doc. No. 4, p. 2) In the August 17, 2015 Order, the Court noted that Plaintiff did not include any specific allegations of unconstitutional conduct by the three originally-named Defendants, and that his allegation in his Motion to Amend also failed to support a constitutional claim for relief. The Court then provided Plaintiff the opportunity to amend his complaint, to "**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 13, p. 4)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more

than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)).  In this particular case, Plaintiff failed to include any specific allegations of unconstitutional conduct by the three named Defendants in his Original Complaint.  In addition, his vauge allegation that Defendant Belding placed him in the "hole" after Plaintiff requested to be moved also failed to support a claim.  Therefore, since Plaintiff failed to include additional allegations in an Amended Complaint, as suggested by the Court in the August 17, 2015 Order, the Court finds this action should be dismissed, for failure to state a claim upon which relief may be granted.

Finally, it appears that Plaintiff's Complaint also should be dismissed for failure to prosecute. Local Rule 5.5(c)(2) provides that a pro se plaintiff should promptly notify the Clerk of the Court and other parties of any change in his address, and must monitor the progress of the case and prosecute it diligently.  Plaintiff was notified of this requirement in the Court's July 15, 2015 Order (Doc. No. 6), which was not returned to the Court as undeliverable.  However, the Court has received returned mail for Plaintiff since that time, on August 28, 2015, and September 8, 2015 (Doc. Nos. 16, 17) Therefore, this action should be dismissed.

**IV.     Conclusion**

  IT IS, THEREFORE, RECOMMENDED that:

  1. Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

  2. This dismissal constitute a "strike" within the meaning of the PLRA.[3]

  3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

  IT IS SO RECOMMENDED this 22nd day of September, 2015.

              _____
              JEROME T. KEARNEY
              UNITED STATES MAGISTRATE JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.